UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SYLVESTER RIDEAU, JR.,<br><br>          Plaintiff,<br><br>     v.<br><br>G.J. JANDA, et al.,<br><br>          Defendants. | Civil No.   09cv2173-BEN (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Document No. 10]**<br>**[Document No. 14]** |

This action is brought by Gregory Sylvester Rideau, a California state prisoner, proceeding in pro per and in forma pauperis on a claim under 42 U.S.C. § 1983. On March 10, 2010, Plaintiff filed a motion to appoint counsel. (Doc. 10.) On April 7, 2010 (*nunc pro tunc* to April 1, 2010), plaintiff submitted an addendum to his request for appointment of counsel. (Doc. 14.) At this time the Court **DENIES** without prejudice Plaintiff's request for the reasons stated below.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See

1  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 824

2  (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the

3  'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in

4  light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both

5  must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d

6  1328, 1331 (9th Cir. 1986)).

7       Here, Plaintiff asserts he "has a physical disability of 'carpal tunnel syndrome' in both wrist

8  [sic] and tendonitis." (Doc. 10 at 2.)  Plaintiff contends writing the documents required to litigate his

9  case will exacerbate his disability.  Id.   To support his claim, plaintiff attached a statement from his

10 physician stating plaintiff "has a minimal or borderline right carpal tunnel syndrome." (Doc. 10-1 at

11 4.)   Plaintiff also attached a prison accommodation form signed by a physician which states plaintiff

12 has a physical limitation to his job assignments and should have "no repetitive wrist movement."

13 (Id. at 6.)  Plaintiff does not claim that the legal issues are too complex or that he is unable to

14 sufficiently grasp his case.  The instant request for appointment of counsel is solely based on

15 plaintiff's need for someone to write his legal documents due to his carpal tunnel syndrome.

16      Thus far, plaintiff has been able to submit all of the necessary documents for his case.  While

17 the Court recognizes that plaintiff has a hand injury, plaintiff has not demonstrated how the injury

18 adversely affects his ability to prosecute this case.  Accordingly, under the circumstances of this

19 case, the Court finds that Plaintiff has not shown the "exceptional circumstances" required for

20 appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice

21 Plaintiff's Motion for Appointment of Counsel.

22

23     **IT IS SO ORDERED.**

24 DATED:  April 13, 2010

25                                           _____

26                                           LOUISA S PORTER
                                          United States Magistrate Judge

27

28 cc        The Honorable Roger T. Benitez
           All parties